Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000465
08-MAY-2018
08:19 AM

NO. CAAP-17-0000465

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MATTHAN PATTIOAY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1676)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Matthan Pattioay (**Pattioay**) appeals from the Judgment of Conviction and Sentence (**Judgment**) entered on May 17, 2017, in the Circuit Court of the First Circuit (**Circuit Court**).[1] After a jury trial, Pattioay was found guilty of one count of Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-716(1)(e),[2] and

---

[1] The Honorable Glenn J. Kim presided.

[2] HRS § 707-716 (2014) provides in relevant part:

> **§707-716. Terroristic threatening in the first degree.**
> (1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:
> . . .

(continued...)

was sentenced to five years of incarceration with credit for time served.

Pattioay raises a single point of error on appeal, contending that the Circuit Court erred by failing to instruct the jury on the knowing and negligent states of mind.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Pattioay's point of error as follows:

During the settling of jury instructions below, Pattioay sought to instruct the jury with a modified version of Hawai'i Pattern Jury Instructions-Criminal (HAWJIC) 3.16 that would have read in pertinent part: "The state of mind with which a person commits an act such as 'intentionally,' 'knowingly,' 'recklessly,' or 'negligently' may be proved by circumstantial evidence." The Circuit Court modified this language, over Pattioay's objection, and instructed the jury in pertinent part: "The state of mind with which a person commits an act such as

---

[2](...continued)
        (e)     With the use of a dangerous instrument or a simulated firearm.

HRS § 707-715 (2014) defines terroristic threatening in relevant part:

    **§707-715. Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:
        (1)     With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person . . . .

'intentionally' or 'recklessly' may be proved by circumstantial evidence." Also over Pattioay's objection, the Circuit Court declined to instruct the jury as to the definitions of "knowingly" and "negligently."

On appeal, Pattioay contends that the Circuit Court's failure to instruct on the knowing and negligent states of mind: (1) "precluded the jury from understanding that there are a total of four states of mind in the criminal law, rather than only two[;]" (2) reduced the State's burden of proof; and (3) "precluded the defense from distinguishing between conduct which was intentional versus knowing versus reckless versus negligent."

When jury instructions or their omission are at issue on appeal, "the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Klinge, 92 Hawai'i 577, 583, 994 P.2d 509, 515 (2000) (quoting State v. Ortiz, 91 Hawai'i 181, 190, 981 P.2d 1127, 1136 (1999)).

Here, the jury was instructed that, *inter alia*, every material element of the charged offense must be proven by the prosecution beyond a reasonable doubt, including that Pattioay threatened to cause bodily injury to another person with the use of a dangerous instrument and that he did so "with the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person."[3] HRS § 707-715(1); see also Klinge, 92 Hawai'i

---

[3] The Circuit Court also instructed the jury as to the lesser-included offense of terroristic threatening in the second degree. See HRS § 707-717. The state of mind is the same for both the charged and included offense. See HRS § 707-715.

at 586-89, 994 P.2d at 518-21 (confirming that the *mens rea* component of terroristic threatening requires an intentional or reckless state of mind). The jury was instructed on the statutory definitions of "intentionally" and "recklessly." See HRS § 702-206; HAWJIC 6.02 and 6.04.

Contrary to Pattioay's assertion, we find nothing in the Circuit Court's instructions, including those outlined above, suggesting to the jurors that they "did not need to spend any time considering whether he really had . . . either an intentional or reckless state of mind[.]" Nor does Pattioay cite any case law or other authority indicating that the omission of instructions defining inapplicable states of mind renders the instructions "prejudicially insufficient, erroneous, inconsistent, or misleading" or lessens the State's burden of proof as to the culpable states of mind, and we find none. Indeed, this court has rejected similar arguments before. See State v. Tengbergen, No. 29302, 2009 WL 3478003, *2 (App. Oct. 29, 2009) (SDO) (rejecting the defendant's argument that the trial court erred "in refusing to instruct the jury on the definition of a reckless state of mind," where the jury was properly instructed as to the applicable states of mind for unlawful entry into a motor vehicle - intentionally or knowingly).

For these reasons, we affirm the Circuit Court's May 17, 2017 Judgment.

DATED: Honolulu, Hawai'i, May 8, 2018.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge